IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BRIAN SCOTT MARTIN,

    PLAINTIFF,

VS.                                                    CV NO.:

CITY OF LIPSCOMB,

    DEFENDANT.

## COMPLAINT

### I. JURISDICTION

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 215(a)(2) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA.

### II. PARTIES

2.    Plaintiff, Brian Scott Martin, (hereinafter "Plaintiff") is a resident of Odenville, St. Clair County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama, Southern Division, during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(2)(C). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Southern Division.

3. Defendant, City of Lipscomb (hereinafter "Defendant"), is a municipality incorporated in the State of Alabama and is subject to service of process in Alabama. Defendant is an employer as defined by 29 U.S.C. § 203(d). Defendant is a public agency as defined by 29 U.S.C. § 203(x). Therefore, this Court has jurisdiction over Defendant.

### III. STATEMENT OF FACTS

4. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-3 above.

5. As part of its municipal operations and services, Defendant operates a police department.

6. Defendant hired Plaintiff on or about June 2015.

7. Defendant employed Plaintiff as a police officer and its Chief of Police.

8. Defendant employed Plaintiff as uniformed and/or plainclothes member of Defendant's body of officers empowered by the State of Alabama to enforce laws designed to maintain the public peace and order and to protect both life and property from accidental or willful injury.

9. Based on a finding of probable cause, Plaintiff had the power to arrest persons.

10. Plaintiff previously had undergone training, attended courses of instruction, and study that included physical training, self-defense, firearm

proficiency, criminal and civil law principles, investigative and law enforcement techniques, community relations, medical aid, and ethics.

11. Defendant last paid Plaintiff an hourly rate of $18.00 per hour.

12. At all times during the employment relationship, Defendant classified Plaintiff as an hourly paid, non-exempt employee.

13. In rendering payment to Plaintiff, Defendant used a bi-weekly payroll period to record Plaintiff's hours worked.

14. Defendant's bi-weekly payroll period started on Friday at 12:00 a.m. and concluded on the second Thursday during at 11:59 p.m.

15. Defendant employed Mohammed Jenkins.

16. Defendant employed Jenkins as a uniformed and/or plainclothes member of Defendant's body of officers empowered by the State of Alabama to enforce laws designed to maintain the public peace and order and to protect both life and property from accidental or willful injury.

17. Based on a finding of probable cause, Jenkins had the power to arrest persons.

18. Jenkins previously had undergone training, attended courses of instruction, and study that included physical training, self-defense, firearm proficiency, criminal and civil law principles, investigative and law enforcement techniques, community relations, medical aid, and ethics.

19. Defendant employed Lanita Mabry-Neal.

20. Defendant employed Mabry-Neal as a uniformed and/or plainclothes member of Defendant's body of officers empowered by the State of Alabama to enforce laws designed to maintain the public peace and order and to protect both life and property from accidental or willful injury.

21. Based on a finding of probable cause, Mabry-Neal had the power to arrest persons.

22. Mabry-Neal previously had undergone training, attended courses of instruction, and study that included physical training, self-defense, firearm proficiency, criminal and civil law principles, investigative and law enforcement techniques, community relations, medical aid, and ethics.

23. Defendant employed (FNU) Parker.

24. Defendant employed (FNU) Parker as a uniformed and/or plainclothes member of Defendant's body of officers empowered by the State of Alabama to enforce laws designed to maintain the public peace and order and to protect both life and property from accidental or willful injury.

25. Based on a finding of probable cause, (FNU) Parker had the power to arrest persons.

26. (FNU) Parker previously had undergone training, attended courses of instruction, and study that included physical training, self-defense, firearm

proficiency, criminal and civil law principles, investigative and law enforcement techniques, community relations, medical aid, and ethics.

27. Defendant employed Wendy Long, (a.k.a. Wendy Brechin).

28. Defendant employed Long as a uniformed and/or plainclothes a member of Defendant's body of officers empowered by the State of Alabama to enforce laws designed to maintain the public peace and order and to protect both life and property from accidental or willful injury.

29. Based on a finding of probable cause, Long had the power to arrest persons.

30. Long previously had undergone training, attended courses of instruction, and study that included physical training, self-defense, firearm proficiency, criminal and civil law principles, investigative and law enforcement techniques, community relations, medical aid, and ethics.

31. Defendant employed Kenneth Reese.

32. Defendant employed Reese as a uniformed and/or plainclothes member of Defendant's body of officers empowered by the State of Alabama to enforce laws designed to maintain the public peace and order and to protect both life and property from accidental or willful injury.

33. Based on a finding of probable cause, Reese had the power to arrest persons.

34. Reese previously had undergone training, attended courses of instruction, and study that included physical training, self-defense, firearm proficiency, criminal and civil law principles, investigative and law enforcement techniques, community relations, medical aid, and ethics.

35. Defendant employed Lamar Lackey

36. Defendant employed Lackey as a uniformed and/or plainclothes member of Defendant's body of officers empowered by the State of Alabama to enforce laws designed to maintain the public peace and order and to protect both life and property from accidental or willful injury.

37. Based on a finding of probable cause, Lackey had the power to arrest persons.

38. Lackey previously had undergone training, attended courses of instruction, and study that included physical training, self-defense, firearm proficiency, criminal and civil law principles, investigative and law enforcement techniques, community relations, medical aid, and ethics.

39. Defendant employed Bronwyn Fortner.

40. Defendant employed Fortner as a uniformed and/or plainclothes member of Defendant's body of officers empowered by the State of Alabama to enforce laws designed to maintain the public peace and order and to protect both life and property from accidental or willful injury.

41. Based on a finding of probable cause, Fortner had the power to arrest persons.

42. Fortner previously had undergone training, attended courses of instruction, and study that included physical training, self-defense, firearm proficiency, criminal and civil law principles, investigative and law enforcement techniques, community relations, medical aid, and ethics.

43. Defendant employed Jaqueline Fuller.

44. Defendant employed Fuller as a uniformed and/or plainclothes member of Defendant's body of officers empowered by the State of Alabama to enforce laws designed to maintain the public peace and order and to protect both life and property from accidental or willful injury.

45. Based on a finding of probable cause, Fuller had the power to arrest persons.

46. Fuller previously had undergone training, attended courses of instruction, and study that included physical training, self-defense, firearm proficiency, criminal and civil law principles, investigative and law enforcement techniques, community relations, medical aid, and ethics.

47. Defendant employed Warren Carey.

48. Defendant employed Carey as a uniformed and/or plainclothes member of Defendant's body of officers empowered by the State of Alabama to enforce laws

designed to maintain the public peace and order and to protect both life and property from accidental or willful injury.

49. Based on a finding of probable cause, Carey had the power to arrest persons.

50. Carey previously had undergone training, attended courses of instruction, and study that included physical training, self-defense, firearm proficiency, criminal and civil law principles, investigative and law enforcement techniques, community relations, medical aid, and ethics.

51. Defendant employed Marcus Caffee.

52. Defendant employed Caffee as a uniformed and/or plainclothes member of Defendant's body of officers empowered by the State of Alabama to enforce laws designed to maintain the public peace and order and to protect both life and property from accidental or willful injury.

53. Based on a finding of probable cause, Caffee had the power to arrest persons.

54. Caffee previously had undergone training, attended courses of instruction, and study that included physical training, self-defense, firearm proficiency, criminal and civil law principles, investigative and law enforcement techniques, community relations, medical aid, and ethics.

55. Defendant employed Jamie Warmley.

56. Defendant employed Warmely as a uniformed and/or plainclothes member of Defendant's body of officers empowered by the State of Alabama to enforce laws designed to maintain the public peace and order and to protect both life and property from accidental or willful injury.

57. Based on a finding of probable cause, Warmley had the power to arrest persons.

58. Warmley previously had undergone training, attended courses of instruction, and study that included physical training, self-defense, firearm proficiency, criminal and civil law principles, investigative and law enforcement techniques, community relations, medical aid, and ethics.

59. Upon information and belief, during most, if not all, of the work weeks from June 2015 through August 9, 2018, Defendant employed five or more police officers, as defined by the Code of Federal Regulations, including, but not limited to Plaintiff, Lamar Lackey, Mohammed Jenkins, (FNU) Parker, Wendy Long (a/k/a Wendy Brechin), Bronwyn Fortner, Jacqueline Fuller, Warren Carey, Marcus Caffee, Jamie Warmley and Kenneth Reese.

## IV. COUNT ONE – FLSA – Overtime Violations

60. Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1-59 above.

61.   During the three years preceding the filing of this Complaint, Defendant is a public agency as defined by the FLSA. (29 U.S.C. § 203(x)).

62.   At all times relevant to this action, Defendant was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

63.   During the three years preceding the filing of this Complaint, Defendant recorded Plaintiff's hours worked in excess of eighty-six hours during a two-week pay period for multiple pay periods that occurred during the three-period that occurred prior to the filing of the Complaint.

64.   Defendant failed to pay Plaintiff overtime premium for all hours worked in excess of eighty-six hours during a two-week pay period for all as required by 29 U.S.C. § 207(k)(2).

65.   During the work weeks that occurred during the three years preceding the filing of this Complaint, Defendant employed five or more police officers, as defined by the Code of Federal Regulations, such that it may not claim the exemption made available by 29 U.S.C. § 213(a)(20) to forgo compensating Plaintiff overtime premium.

66.   Upon information and belief, Defendant's city clerk, mayor, and legal counsel have knowledge that Defendant is not compensating Plaintiff and other police officers at a rate that is compliant with the FLSA.

67. As the result of Defendant's willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime premium pay.

## V. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B. This Court award Plaintiff the amount of unpaid overtime compensation, plus an additional equal amount as liquidated damages; nominal damages; and special damages;

C. That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest; and

D. For such other and further relief as this Court deems equitable, proper and just.

_____
Allen D. Arnold

**OF COUNSEL:**

Allen D. Arnold, Attorney at Law
A Member of Five Points Law Group, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, Alabama 35205
T: (205) 252-1550
F: (205) 502-4476
allen@5pointslaw.com

**DEFENDANT'S ADDRESS:**
City of Lipscomb
c/o City Clerk Velma M. Ford
5512 Avenue H.
Lipscomb, AL 35020